IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

      Plaintiff,                        No. 2:11-cv-2092 DAD (PC)

      vs.

UNKNOWN,

      Defendant.                 ORDER

_____/

      By an order filed September 27, 2011, plaintiff was ordered to file an in forma pauperis affidavit and/or to pay the appropriate filing fee within thirty days and was cautioned that failure to do so would result in a recommendation that this action be dismissed. The thirty expired and plaintiff neither filed an in forma pauperis affidavit nor paid the appropriate filing fee, nor did he respond in any way to the court's order. Therefore, on November 4, 2011, this court issued findings and recommendations recommending that this action be dismissed without prejudice. Plaintiff did not file objections to the findings and recommendations, which were adopted in full by the district court on November 30, 2011. Judgment was entered on the same day.

      On December 16, 2011, plaintiff filed a motion for an extension of time to comply with the September 27, 2011 order and a motion for appointment of counsel. The court construes

1

plaintiff's motion for extension of time as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Good cause appearing, plaintiff will be granted a period of thirty days in which to supplement his motion by filing a completed application to proceed in forma pauperis. Failure to file a completed in forma pauperis application will result in a recommendation that plaintiff's motion be denied.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 16, 2011 motion for extension of time is construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b);

2. Plaintiff is granted thirty days from the date of this order to supplement his December 16, 2011 motion by filing a proposed complete in forma pauperis application;

3. Failure to comply with paragraph 2 of this order will result in a recommendation that plaintiff's Rule 60(b) motion be denied;

4. The Clerk of the Court is directed to send a plaintiff the court's form application to proceed in forma pauperis for a prisoner; and

5. Plaintiff's December 16, 2011 motion for appointment of counsel is denied.

DATED: January 4, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
will2092.60b

2