IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DELBERT WILLIAMS, | | |
| | Plaintiff, | No. 2:11-cv-2092 GEB DAD (PC) |
| vs. | | |
| UNKNOWN, | | ORDER |
| | Defendant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  By an order filed September 27, 2011, plaintiff was ordered to file an in forma pauperis affidavit and/or to pay the appropriate filing fee within thirty days and was cautioned that failure to do so would result in a recommendation that this action be dismissed.  The thirty expired and plaintiff neither filed an in forma pauperis affidavit nor paid the appropriate filing fee, nor did he respond in any way to the court's order.  Therefore, on November 4, 2011, this court issued findings and recommendations recommending that this action be dismissed without prejudice.  Plaintiff did not file objections to the findings and recommendations, which were adopted in full by the district court on November 30, 2011.  Judgment was entered on the same day.

/////

1      On December 16, 2011, plaintiff filed a motion for an extension of time to comply
2  with the September 27, 2011 order.  By order filed January 5, 2012, the court construe plaintiff's
3  motion for extension of time as a motion for relief from judgment pursuant to Fed. R. Civ. P.
4  60(b) and granted plaintiff a period of thirty days in which to supplement his motion by filing a
5  completed application to proceed in forma pauperis.  Plaintiff was cautioned that failure to file a
6  completed in forma pauperis application would result in a recommendation that plaintiff's
7  motion be denied.
8      On March 6, 2012, after expiration of the deadline set by the January 5, 2012
9  order, plaintiff filed an inmate trust account statement and an amended pleading on a form
10 petition for writ of habeas corpus.  Plaintiff has not filed an in forma pauperis application.
11 Moreover, it appears from the allegations of the amended pleading that plaintiff now seeks to
12 pursue claims entirely different from those raised in the original civil rights complaint filed in
13 this action.
14     Rule 60(b) of the Federal Rules of Civil Procedures provides in relevant part for
15 relief from judgment on the basis of " mistake, inadvertence, surprise, or excusable neglect" or
16 "any other ground that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).  Where, as here, it appears
17 that plaintiff seeks to file an action based on entirely new claims, relief from the judgment
18 entered in this action is not appropriate.  Instead, plaintiff should file a new civil rights action.
19     In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
20 Court is directed to send a plaintiff the court's form civil rights complaint and accompany
21 instructions and the court's form application to proceed in forma pauperis for a prisoner; and
22     IT IS HEREBY RECOMMENDED that plaintiff's December 16, 2011 motion for
23 relief from judgment (Docket Number 8) be denied.
24     These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
26 days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
will2092.60bfr